■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BARRY WASHINGTON, Appellant.—Appeal from judgment of the Supreme Court, Bronx County (John N. Byrne, J.), rendered April 17, 1986, convicting defendant, following a non-jury trial, of murder in the second degree and robbery in the first degree, and sentencing him to concurrent indeterminate terms of imprisonment of from 7 years to life for the murder conviction and of from 2 to 6 years on the robbery conviction, held in abeyance, and the matter is remanded to the trial court to make specific factual findings as to whether or not the defendant, prior to his inculpatory statements, made any

reference to counsel or to a wish to call his mother, and if so, what those statements were.

The defendant, 15 years old at the time of the crime for which he was convicted and 16 years old at the time of his arrest, was convicted after a nonjury trial of murder in the second degree and robbery in the first degree, and sentenced to concurrent indeterminate terms of imprisonment of from 7 years to life for the murder and from 2 to 6 years for the robbery.

A central issue on this appeal is raised by defendant's contention that the court erroneously denied his motion to suppress his several inculpatory statements.

At the hearing, defendant testified that, although he never specifically requested a lawyer, on several occasions prior to any inculpatory statement he told the interrogating officers that he did not feel comfortable speaking to them without a lawyer, that on one occasion he said he did not think he should be speaking without a lawyer, and that the interrogating officers ignored these statements and continued to question him. In addition, defendant testified at the hearing that his request to call his mother was denied by the interrogating police officers. The police officers testified in turn that the defendant never made any reference to counsel and did not at any relevant time ask to call his mother.

The trial court's decision denying defendant's motion to suppress did not make any specific factual finding with regard to the issues raised by the contradictory testimony. In an opinion read into the record, the court fairly and comprehensively summarized the relevant testimony that had been adduced by both sides. This summary was preceded by a statement which, as transcribed in the record, found "the testimony of the witnesses to be credible", apparently indicating the court's view that the testimony of all the witnesses that he thereafter summarized was credible.

It may be that the trial court found the factual issue to be close and concluded that it was not necessary under the governing rules of law to determine the factual questions presented by the contradictory testimony. Without in any way implying a conclusion as to the legal consequences that would follow from a factual finding that the defendant's testimony described above was truthful, we believe that our consideration of the issue presented would be assisted by specific factual findings, and accordingly remand to the trial court for that purpose. Concur—Sandler, J. P., Carro, Asch, Rosenberger and Wallach, JJ.